IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY E. WALKER, # 145517, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 23-00085-KD-B |
| | * |
| CHRIS MCDOUGH, *et al.*, | * |
| | * |
| Defendants. | * |

**ORDER**

This action is before the Court for the screening of Plaintiff Gary E. Walker's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Walker is proceeding *in forma pauperis* (see Doc. 4), the Court is required to screen his complaint under this provision and must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In reviewing Walker's complaint, the Court finds that it is deficient because it violates Rule 20(a)(2) of the Federal Rules of Civil Procedure.

**I.   COMPLAINT (Doc. 1)**

In his complaint, Walker, who was convicted of capital murder in Mobile County Circuit Court in 1986 and sentenced to life imprisonment without parole, asserts unrelated claims against Mobile County Assistant District Attorney "Chris McDough" and

Alabama Governor Kay Ivey. As best the Court can discern from his disjointed and sometimes rambling allegations, Walker appears to complain that Defendant McDough successfully obtained the dismissal of one of Walker's postconviction Rule 32 petitions on procedural grounds,[1] which "caused [Walker] defamation of character by withholding documents that would prove [his] innocence." (See id. at 4-5). Walker describes his claims against Defendant McDough as: "Denial [of] access to the courts, defamation of character, abuse of professional conduct." (Id. at 5).

Walker also appears to bring claims against Defendant Ivey relating to prison conditions at Holman Correctional Facility ("Holman"), where Walker was formerly incarcerated. Walker complains that he had to drink, shower, bathe, and eat food cooked in contaminated water at Holman. (Doc. 1 at 6; Doc. 1-1 at 1-2). Walker asserts that water and sewer pipes at Holman burst, which caused raw sewage to mix with fresh water and led to infestations of rodents and insects. (Doc. 1-1 at 1-2). Walker further asserts that the ventilation at Holman was insufficient, and inmates were forced to breathe "fumes of raw sewage." (Id.). Walker alleges that "this went on for several years [or] more in a[n] overcrowded prison." (Id. at 1). Walker describes his claims against

---

[1] The Court notes that Walker had already filed six Rule 32 petitions for postconviction relief as of 2008. See Walker v. Hetzel, No. 1:12-cv-00732-CB-B (S.D. Ala. 2012), ECF No. 22-11.

Defendant Ivey as: "Drinking contaminated water, causing damage to the organs in the body long term serious deficiencies of the stomach and prostate damage." (Doc. 1 at 6).

For relief, Walker requests $2 million in punitive damages. (Id. at 7).

## II.  DISCUSSION

"[A] plaintiff may not join unrelated claims and defendants in a single action." Gillis v. Smith, 2022 U.S. Dist. LEXIS 28524, at *3, 2022 WL 493736, at *1 (M.D. Ga. Feb. 17, 2022) (citing Fed. R. Civ. P. 20). A plaintiff may join defendants in one action only if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." Rhodes v. Target Corp., 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)). "[A] logical relationship exists if the claims rest on the same set of facts or the facts, on which one

claim rests, activate additional legal rights supporting the other claim." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010). "In other words, 'there is a logical relationship when "the same operative facts serve as the basis of both claims."'" Barber v. Am.'s Wholesale Lender, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (quoting Republic Health Corp. v. Lifemark Hosps. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)).

As noted previously, Walker is asserting claims for "[d]enial [of] access to the courts, defamation of character, and abuse of professional conduct" against Defendant McDough. As best the Court can discern, Walker's claims against Defendant McDough are based on McDough's opposition to Walker's Rule 32 petition that asserted a Brady[2] violation, including McDough's "refus[al]" to disclose certain evidence that Walker believes would exonerate him. Walker is also apparently bringing a claim against Defendant Ivey based on "contaminated water" and other prison conditions at Holman. Walker posits that the "two claims" are "connect[ed]" because Defendant McDough's "professional misconduct" led to his continued imprisonment in unsanitary conditions. (See Doc. 1-1 at 1).

Although Walker argues otherwise, his claim against Defendant Ivey regarding contaminated water and other conditions at Holman does not arise from the same facts as his claims against Defendant

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

McDough relating to the denial of his Rule 32 petition and the refusal to provide Walker with allegedly exonerating evidence.[3] Walker's claim against Defendant Ivey is therefore unrelated to his claims against Defendant McDough, and Walker's distinct claims against Defendants McDough and Ivey belong in separate actions. See Eckerd v. Ga. Dep't of Corr., 2017 U.S. Dist. LEXIS 138983, at *7, 2017 WL 3765764, at *3 (S.D. Ga. July 11, 2017) (finding state prisoner's claims concerning his criminal case in state superior court to be unrelated to his claims concerning his conditions of confinement), report and recommendation adopted, 2017 U.S. Dist. LEXIS 138326, 2017 WL 3707406 (S.D. Ga. Aug. 28, 2017). "Unrelated claims against different defendants belong in a different suit, not only to prevent the sort of morass [that a multiple claim and multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals

---

[3] Walker's assertion of a causal connection between Defendant McDough's "professional misconduct" and Walker's subjection to dangerous and unsanitary prison conditions is particularly tenuous given the timeline of his allegations.  Specifically, McDough's relevant conduct is alleged to have occurred in April 2022, whereas Walker – who has been at Donaldson Correctional Facility since at least February 2023 – complains of prison conditions at Holman that "went on for several years or more."  (See Doc. 1 at 5; Doc. 1-1 at 1).  However, even if Walker's subject Rule 32 litigation occurred prior to his incarceration at Holman, his claims against Defendants McDough and Ivey are unrelated because they rest on entirely different sets of operative facts.

that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Walker's complaint is also a "shotgun pleading" that violates the Federal Rules of Civil Procedure because it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). In particular, Walker's complaint is an impermissible shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." See id. at 1322. For example, the complaint includes discussions about Walker's former military service and the bombing of a church in Birmingham, Alabama, that have absolutely no relevance to the claims he is asserting in this action. It is also unclear from Walker's vague and conclusory assertions what each Defendant did or failed to do to allegedly violate Walker's federal or constitutional rights. Relatedly, Walker fails to make clear which of his factual allegations are intended to support which of his claims.[4]

---

[4] The Court is cognizant that it must liberally construe Walker's *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for Walker or rewrite an otherwise deficient pleading in order to

Because it violates the Federal Rules of Civil Procedure by asserting unrelated claims against separate Defendants and failing to provide adequate notice of his claims and their underlying factual grounds, Walker's complaint (Doc. 1) is **STRICKEN**. Walker is **GRANTED LEAVE** to file an amended complaint on or before **November 16, 2023,** using this Court's form complaint for a prisoner action under 42 U.S.C. § 1983.  Walker must fully complete all applicable sections of the complaint form and must provide only the information requested in each section of the form.  If Walker cannot list all of the required information in the space provided in the form complaint, he must attach additional pages to the form complaint, but those pages must **strictly follow** the format set out in the complaint form.

In drafting his amended complaint, Walker must decide which **one** claim he wants to bring in this action (along with any other claims that are closely or logically related to it), and he must include **only** that claim (along with any other claims that are closely or logically related to it) in the amended complaint.  For example, Walker's claims relating to his criminal case or postconviction petitions are not related to his claims regarding

---

sustain this action.  See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).  Furthermore, as a *pro se* litigant, Walker is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

contaminated water or other conditions of confinement at Holman.

After electing which claim or logically related claims he wishes to proceed on in this action, Walker must ensure that his amended complaint contains a "short and plain statement" of his claims. See Fed. R. Civ. P. 8(a)(2). A plaintiff must plead enough facts "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Moreover, to show a defendant is liable for the misconduct alleged, a plaintiff's complaint must include factual allegations for each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts that plausibly suggest that (1) a

person acting under the color of state law (2) deprived him of a right secured under the United States Constitution or federal law. See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); 42 U.S.C. § 1983.  A plaintiff in a § 1983 action must allege facts that plausibly show a causal connection between each defendant's actions, orders, customs, or policies, and a deprivation of the plaintiff's constitutional or federal rights.  Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982).  A plaintiff can demonstrate such a causal connection by alleging facts that show what each defendant did to violate his constitutional or federal rights, or to state it another way, that show how each defendant was involved in the alleged violation of his constitutional or federal rights.

In his amended complaint, Walker must omit immaterial allegations and refrain from recitations of events in other court proceedings unless the information is either specifically requested in the form complaint or is directly relevant to a particular cause of action that is being asserted in the amended complaint.

Walker is informed that the amended complaint will completely replace his original complaint.  Therefore, the amended complaint shall not rely upon, reference, or seek to incorporate by reference

any portion of his prior complaint.  See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

Walker is **cautioned** that if he does not file an amended complaint within the ordered time, or if he files an amended complaint that fails to comply with the directives and pleading standards set out in this order, the undersigned will recommend that this action be dismissed.  Walker is further cautioned that his failure to advise the Court immediately of a change in his address (e.g., when he is transferred, released, etc.) will result in the dismissal of this action for failure to prosecute and to obey the Court's orders.  The Court will screen Walker's amended complaint under 28 U.S.C. § 1915 once it is filed.

The Clerk is **DIRECTED** to send Walker a copy of this Court's form complaint for a § 1983 prisoner action, along with a copy of his original complaint (Doc. 1).

**DONE** this **16th** day of **October, 2023.**

                                          **s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**