IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY E. WALKER, # 145517, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 23-00085-KD-B |
| | * |
| CHRIS McDOUGH, *et al.*, | * |
| | * |
|     Defendants. | * |

**ORDER**

This action is before the Court for the screening of Plaintiff Gary E. Walker's amended complaint (Doc. 15) pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Because Walker is proceeding *in forma pauperis* (see Doc. 4), the Court is required to screen his complaint under this provision and must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In reviewing Walker's complaint, the Court finds that it is frivolous as a matter of law or fails to state a claim upon which relief may be granted.

---

[1] The Court previously ordered Plaintiff Walker to file an amended complaint narrowing his claims and defendants to those which shared a single set of facts. (See Doc. 14). In compliance, Walker filed the current amended complaint (Doc. 15), which is his operative pleading. Walker's amended complaint has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). (10/30/2023 electronic reference notation).

Because Walker is proceeding without counsel, the Court has laid out the deficiencies in Walker's complaint and the legal standards for the asserted allegations. With this guidance, Walker will be afforded a final opportunity to amend his complaint in order to attempt to state a valid constitutional claim. Walker is **ORDERED** to file a second amended complaint on or before **January 2, 2024**, which will again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  Amended Complaint (Doc. 15).

Plaintiff Walker, who was convicted of capital murder in Mobile County Circuit Court in 1986 and sentenced to life imprisonment without parole, has filed an amended complaint against Mobile County Assistant District Attorney "Chris McDough" and former Mobile County District Attorney Ashley Rich. (Doc. 15). Walker claims these prosecutorial defendants denied him access to the courts by obtaining dismissal of his Rule 32 post-conviction petition filed in 2022.[2]  (Id. at 4-5).

According to Walker, he filed the Rule 32 petition (asserting violations under Brady v. Maryland, 373 U.S. 83 (1963)) claiming he was not allowed discovery of certain criminal investigation and trial evidence that he believed could exonerate him.  (Id.).

---

[2] As previously noted by this Court, "Walker had already filed six Rule 32 petitions for postconviction relief as of 2008."  (Doc. 14 at 2 n.1 (citing Walker v. Hetzel, No. 1:12-cv-00732-CB-B (S.D. Ala. 2012), ECF No. 22-11)).

2

Specifically, Walker alleged he was denied police records, statements of witnesses, photographs displayed at trial, copies of fingerprints, a copy of a dying declaration used at trial, and atomic absorption test results. (Id. at 4). He also claims he was not allowed to have the murder weapon, fingerprints, and ballistics independently tested. (Id.). Walker's Rule 32 petition, however, was dismissed by the state court on procedural grounds raised by Defendant McDough. (Id.).

According to Walker, Defendant McDough denied him access to the courts (to discover evidentiary materials that would prove his innocence) by having Walker's Rule 32 petition dismissed. (Id. at 5). He further claims that Defendant Rich is liable for denying him access to the courts because she "is in charge of Chris McDough." (Id. at 6).

For relief, Walker requests $1 million in damages. (Id. at 7).

**II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court is obligated to conduct a preliminary review of Walker's complaint. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(a). While the Court liberally construes *pro se* pleadings like the one in this case, holding them to a less stringent standard than pleadings drafted by attorneys, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the complaint will still be dismissed if it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) & 1915A(b)(1)-(2).

Applicable here, a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[3] This includes situations where the claim seeks to enforce a legal right that clearly does not exist, or where the defendants are immune from suit. Id. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim on which relief may be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). A claim has facial plausibility when the plaintiff pleads sufficient factual content to allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[3] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). See Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001).

4

When considering a *pro se* litigant's allegations, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Id. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. Discussion.

A review of Walker's amended complaint (Doc. 15) reveals that his asserted claims fail for three main reasons, and his amended complaint therefore must be dismissed prior to service of process.

**1. Access-to-Court Claim.**

First, it is well established that state officials are not permitted to unreasonably interfere with an inmate's right of access to the courts. See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996). A plaintiff claiming denial of access to the courts, however, must show that he has suffered an "actual injury" – that is, the plaintiff must show that the underlying legal action he sought to bring was "nonfrivolous." Id. at 351-53. Accordingly, the underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416 (2002). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional)

5

consequences of conviction and incarceration." Lewis, 518 U.S. at 355 (emphasis in original).

Here, Walker provides no information in his amended complaint that demonstrates that the underlying Rule 32 petition was non-frivolous, including what claims were in the petition, what the grounds were for dismissal by the court, or any factual information regarding the Rule 32 petition or its merits. See Iqbal, 556 U.S. at 678 (explaining that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Thus, Walker has not alleged or shown that his underlying Rule 32 petition was non-frivolous and how he was injured by the alleged denial of access. By failing to demonstrate these two elements, Walker has failed to state a claim for denial of access to courts, and his claim is due to be dismissed. See Dennis v. Schwarzauer, 496 F. App'x 958, 959 (11th Cir. 2012) (per curiam) (affirming the dismissal of § 1983 action against circuit clerk because the underlying claim was not described well enough to determine whether it had merit).

**2. Prosecutorial Immunity.**

Second, prosecutors are entitled to absolute immunity from § 1983 suits seeking damages for actions taken that "were intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Such actions include the initiation and pursuit of criminal prosecution, id. at 431,

6

and those acts that occur in the course of the prosecutor's role as an advocate for the State. Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009) (per curiam). Absolute immunity does not extend to investigative and administrative acts. Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004); Van de Kamp v. Goldstein, 555 U.S. 335, 342-43 (2009).

Here, Walker's claim that Defendant McDough caused his post-conviction Rule 32 petition to be dismissed demonstrates actions clearly taken in McDough's role as an advocate for the State. Indeed, sustaining a defendant's criminal conviction after trial is "intimately associated with the judicial phase of the criminal process." See Imbler, 424 U.S. at 430; see also Wright v. Pearson, 747 F. App'x 812, 814 & n.1 (11th Cir. 2018) (per curiam) (finding that defendant was entitled to prosecutorial immunity for her acts opposing plaintiff's request in his post-conviction proceedings to perform DNA testing on certain evidence); Ellibee v. Fox, 244 F. App'x 839, 844-45 (10th Cir. 2007) ("Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate.") (citation and internal quotation marks omitted). Defendant McDough is therefore entitled to absolute immunity from suit for damages for his conduct. Accordingly, Walker's request

7

for monetary relief against Defendant McDough lacks an arguable basis in law and fact and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[4]

### 3. Supervisory Liability Claim.

Third, Walker makes no claim that Defendant Rich personally violated his constitutional rights. (See Doc. 15). Rather, Walker seeks to hold Defendant Rich responsible based solely on her supervisory position as District Attorney. (See id. at 6). Under § 1983, government officials cannot be held liable for the unconstitutional acts of their subordinates on a theory of *respondeat superior* or vicarious liability. Iqbal, 556 U.S. at 676. "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Walker has failed to show either personal participation by Defendant Rich or a causal connection between the actions of Defendant Rich and the alleged violation of his constitutional rights.

Furthermore, because Walker has failed to establish an underlying constitutional violation of his right to access the

---

[4] Notably, the only relief requested by Walker is monetary damages. (See Doc. 15 at 7).

8

courts, there can be no supervisory liability. See Taylor v. Taylor, 649 F. App'x 737, 747 (11th Cir. 2016) (per curiam) ("For a supervisor to be liable, there must be an underlying 'constitutional or statutory violation.'") (citation omitted). As previously discussed, the facts alleged by Walker are not sufficient to state a constitutional violation; thus, he has failed to plausibly state a supervisory claim against Defendant Rich. Accordingly, Walker's claim against Defendant Rich is due to be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. Conclusion.

For the reasons discussed above, Walker's amended complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Under Eleventh Circuit precedent, however, "where a more carefully drafted complaint might state a claim," courts must give *pro se* plaintiffs "at least one chance to amend the complaint" before dismissing the action. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019). In light of Walker's *pro se* status, the Court grants him one final opportunity to amend his complaint in order to attempt to cure the noted deficiencies.

Walker is informed that his second amended complaint will completely replace his amended complaint (Doc. 15). Therefore, the second amended complaint shall not rely upon, reference, or seek to incorporate by reference any portion of his prior

9

complaints.  See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

Walker is **cautioned** that if he does not file a second amended complaint within the ordered time, or if he files a second amended complaint that fails to comply with the directives and pleading standards set out in this order and the Court's previous repleading order (Doc. 14), the undersigned will recommend that this action be dismissed.  Walker is further cautioned that his failure to advise the Court immediately of a change in his address (e.g., when he is transferred, released, etc.) will result in the dismissal of this action for failure to prosecute and to obey the Court's orders.  The Court will screen Walker's second amended complaint under 28 U.S.C. § 1915 once it is filed.

The Clerk is **DIRECTED** to send another copy of this Court's § 1983 prisoner complaint form to Walker for his use.

**DONE** this **30th** day of **November, 2023.**

          s/ SONJA F. BIVINS          
**UNITED STATES MAGISTRATE JUDGE**