```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

| | |
|---|---|
| GARY E. WALKER, # 145517, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 23-00085-KD-B |
| | * |
| CHRIS McDOUGH, *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Gary E. Walker's[1] motion to dismiss the instant action, which seeks relief under 42 U.S.C. § 1983, "without cost." (Doc. 17). The motion was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

The Court construes Walker's motion as a notice of voluntary dismissal filed pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Rule 41(a)(1)(A)(i) provides that a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Because no Defendant has been served in this case, Walker is automatically entitled to voluntarily dismiss this action at this time.

---

[1] Walker, an inmate at Donaldson Correctional Facility in Bessemer, Alabama, is proceeding *pro se* in this action.

However, Walker's request to be relieved of the obligation to pay the filing fee in this action should be denied. The record reflects that Walker filed a motion to proceed *in forma pauperis* (Doc. 2), which the Court granted, and Walker was assessed an initial partial filing fee of $2.50. (Doc. 4). To date, Walker has not paid any portion of the $350.00 filing fee, including the initial partial filing fee.[2]

Federal law "requires **all** prisoners, even those who are allowed to proceed [*in forma pauperis*], to pay the full filing fee of $350.00." Berry v. Savannah Chatham Cty. Metro. Police Dep't, 2009 U.S. Dist. LEXIS 47684, at *3 n.2, 2009 WL 1438214, at *1 n.2 (S.D. Ga. Mar. 9, 2009) (emphasis in original); see 28 U.S.C. § 1915(b)(1) ("Notwithstanding [a prisoner's *in forma pauperis* status], if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). After payment of the initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to his inmate account, each time the amount in his account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Walker cites no authority, nor is the undersigned aware of any, that would allow

---

[2] On October 16, 2023, the Court entered an order directing the Alabama Department of Corrections to collect the $350.00 filing fee from Walker's inmate account in accordance with the provisions of 28 U.S.C. § 1915(b)(2). (Doc. 13).

the Court to waive the statutory requirement for him to pay the full amount of the filing fee in this case. See Richardson v. Sec'y, Dep't of Corr., 2007 WL 951788, at *1 (N.D. Fla. Mar. 28, 2007) (noting that "[f]ederal law does not authorize the court to waive" the requirement for a prisoner to pay the full amount of the filing fee under § 1915(b)(1), and stating that "Plaintiff will be required to pay the remainder of the filing fee despite his voluntary dismissal of this action"); Andriatti v. Warren, 2014 U.S. Dist. LEXIS 160275, at *8, 2014 WL 6387747, at *3 (N.D. Ga. Nov. 14, 2014) ("Plaintiff does not cite any authority, and the Court is aware of none, that would allow the Court to waive the filing fee for Plaintiff.").

Accordingly, it is recommended that Walker's motion to dismiss, construed as a notice of voluntary dismissal, be **GRANTED**, and that this action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). To the extent Walker requests to be relieved of the obligation to pay the filing fee in this case, it is recommended that his request be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. §

3

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **18th** day of **January, 2024**.

                                          /s/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**